## GUIFF v. STRAIN et al.
### No. 1653.

Court of Civil Appeals of Texas.   Waco.
Oct. 24, 1935.

Geppert, Geppert & Victery, of Teague, for appellant.

Bowlen Bond, of Fairfield, and R. W. Williford, of Wortham, for appellees.

STANFORD, Justice.

Appellant, Frank Guiff, instituted this action based on two promissory notes executed by appellee and his wife, Mrs. L. C. Strain, in favor of appellant herein, one of said notes dated October 27, 1931, due October 27, 1932, in the principal sum of $300, drawing 8 per. cent. interest per annum from date, one note dated February 20, 1932, payable February 20, 1933, in the principal sum of $100, drawing 8 per cent. interest per annum, executed by appellee L. C. Strain, and payable to appellant; the $300 note being secured by a chattel mortgage lien on grocery stock and fixtures and "One Star Piano of the value of $200.00," and which chattel mortgage was executed by appellee L. C. Strain and Mrs. L. C. Strain.

Appellees filed an answer alleging that said notes had been fully paid by appelllees delivering a certain grocery stock and filling station fixtures to appellant for sale, and that appellant converted same to his own use, and, in the alternative, pleaded that appellant accepted such stock of groceries in trust, to be disposed of as per agreement, and that he violated such trust agreement.

Appellant admitted that the stock of groceries and air compressor were turned over to him and same were sold for the sum of $55, which sum he applied as follows: $10 on lien existing against air compressor and $45 on rent on store building in which said goods were located.

The cause was submitted to the jury on special issues as follows:

"Special Issue No. 1: What was the reasonable value of said stock of goods, including filling station fixtures, etc., when turned over to Frank Guiff by L. C. Strain?"   To which the jury answered: "$275.00."

"Special Issue No. 2: How much rent was due the plaintiff, Frank Guiff, when the defendant L. C. Strain delivered the keys to Frank Guiff?". To which the jury answered: "$45.00."

"Special Issue No. 3: Did Frank Guiff ever agree to release his lien on the said piano?"   To which the jury answered: "Yes."

"Special Issue No. 4: What was the amount of the lien on the air compressor?" To which the jury answered: "$10.00."

On said verdict and answers of the jury the court rendered judgment allowing appellant, Frank Guiff, a recovery against appellee L. C. Strain in the sum of $216, with interest at the rate of 8 per cent. per annum from date, but denied said appellant, Frank Guiff, a foreclosure of his chattel mortgage lien herein sued upon.

Appellant's main contention seems to be that there was not sufficient evidence to warrant submission by the court of, and the answer of the jury to, special issue No. 3, and that said special issue constituted an affirmative defense and should have been pleaded.   Upon a careful inspection of the record, we are unable to find any pleading to warrant the submission of said special issue No. 3.   Therefore we sustain this part of appellant's contention.

Since it is our opinion that the case should be reversed on the above proposition, we do not deem it necessary to pass upon appellant's other propositions, as the same errors, if any, would not likely arise on another trial.

For the reasons above set out, the cause is reversed and remanded to the trial court for further consideration.